Howard T. Hogan, J.
In this tax certiorari proceeding, the respondent has moved for an order directing the selection of sample parcels to establish ratio pursuant to section 720 (subd. 3) of the Real Property Tax Law. It is the petitioner’s expressed intention to prove ratio by offering, as evidence, the State equalization rate established for the tax roll containing the assessment under review for the tax status years May 1,1969 through and including May 1, 1972. The petitioner, therefore, does not oppose the respondent’s selection of parcels and witnesses and takes no position on the motion.
The respondent -contends that the .statute in question provides for mutual agreement in the selection process and in the absence of such agreement, .mandates that the court select the parcels. Respondent further contends that after the selection process, each party must file with the court a tabulation of the values placed upon the parcels so selected and serve such tabulations on his adversary. The petitioner refuses to do so and by reason of petitioner’s refusal to engage in the selection process, the respondent has also moved for summary judgment for the tax years in issue on this question.
The methods which may be used to prove ratio are set forth in section 720 (subd. 3) of the Real Property Tax Law. It is clear *755 from the statute, as amended in 1969, that evidence concerning the State equalization rate, the method chosen by petitioner, is admissible whether or not sample parcels are selected (Real Property Tax Law, § 720, subd. 3, as amd. by L. 1969, eh. 302). The petitioner, therefore need not select such sample parcels. There is nothing in the section which compels him to engage in the parcel selection process as to those proceedings in issue which were commenced after the effective date of the amendment, April 27, 1969. He may independently prove the State rates as a method of establishing ratio.
The burden of proof on the issue of ratio lies with the petitioner, and only he may choose the proper method of proof.
The respondent may utilize whatever method contained in the statute it desires in order to rebut the petitioner’s proof but my not compel adoption of the method it prefers. It is obvious from the statute that the mutuality called for in the sample selection process-and the steps to be taken, if no agreement is possible, refers only to a situation in which the petitioner chooses the selection process.
Accordingly, the motions are denied in all respects.